IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FALLS LAKE NATIONAL
INSURANCE COMPANY,

    Plaintiff,

v.                                       Civil Action No. 7:16cv00075

ISRAEL MARTINEZ, JR.,
SALINAS EXPRESS, LLC,
SMC TRANSPORT, LLC,
UNITED SPECIALTY INSURANCE COMPANY,
BRANDON LESTER, and
ANTHONY RAY SHIFFLETT,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Falls Lake National Insurance Company ("Falls Lake"), by counsel, hereby files this Complaint seeking a declaration of rights and obligations pursuant to 28 U.S.C. §2201, and states as follows:

1. Falls Lake is an Ohio corporation which maintains its principal place of business in North Carolina.

2. Defendant Israel Martinez, Jr., based upon information and belief, is an adult individual who resides in Texas.

3. Defendant Salinas Express LLC, ("Salinas") is a limited liability company whose members all reside in and/or are domiciled in Texas. Salinas is a federally authorized and licensed motor carrier.

4. Defendant SMC Transport, LLC, ("SMC") is a limited liability company whose members all reside in and/or are domiciled in Texas. SMC is a federally authorized and licensed motor carrier.

5. Defendant United Specialty Insurance Company, ("United Specialty"), based upon information and belief, is a Texas insurance company which maintains its principal place of business in Texas.

6. Defendant Brandon Lester, based upon information and belief and according to the allegations he has asserted, is an adult individual who resides in Virginia.

7. Defendant Anthony Ray Shifflett, based upon information and belief, is an adult individual who resides in Virginia.

8. This is a declaratory judgment action seeking an adjudication of the rights and duties of persons and/or entities allegedly involved in an October 26, 2015 motor vehicle accident on Interstate 81 in Botetourt County, Virginia, as well as the insurers against whom claims arising from the subject accident have been asserted.

9. This Court has subject matter jurisdiction over this action because of the diversity of citizenship of the parties pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over the parties because they either reside in Virginia and/or because the underlying accident occurred in Virginia and the claims relating thereto are being asserted in Virginia.

11. Venue is proper because the location of the events giving rise to this coverage dispute took place in Botetourt County, Virginia.

2
Case 7:16-cv-00075-GEC   Document 1   Filed 02/23/16   Page 2 of 7   Pageid#: 2

12. Plaintiff issued Policy No. ST44000306 to Salinas Express LLC. A true, correct and complete copy of Policy No. ST44000306 ("Salinas Policy") is attached hereto as Exhibit "A". Policy No. ST44000306 has an effective coverage term from May 29, 2015 to May 29, 2016.

13. Based upon information and belief, Defendant United Specialty issued Policy No. MAT-0003400-3088 to SMC ("SMC Policy"), which Policy had an effective date of September 11, 2015 and which remains in full force and effect through this date. Plaintiff does not possess a copy of the SMC Policy and therefore cannot attach a copy. However, based upon information and belief, the SMC Policy contained an MCS-90 Endorsement with indemnity stated thereon in the amount of $1 million.

14. Defendant Lester has commenced a personal injury action in the United States District Court for the Western District of Virginia, Roanoke Division, Case No. 7:15-cv-00665, asserting bodily injury claims and punitive damage claims arising from the October 26, 2015 motor vehicle accident against Defendant Martinez, Defendant SMC, and Defendant Salinas. A true and correct copy of Defendant Lester's Complaint is attached hereto as Exhibit "B".

15. At the time of the accident, Defendant Martinez was operating a semi-tractor owned and registered to SMC.

16. At the time of the accident, the SMC semi-tractor being operated by Defendant Martinez was displaying the DOT number of SMC and SMC's placards.

17. At the time of the accident, the SMC semi-tractor being operated by Defendant Martinez, was not displaying the DOT number nor the placards of Salinas.

18. Based upon information and belief, Defendant Martinez was operating the SMC semi-tractor with SMC's knowledge and consent.

19. At the time of the accident, Defendant Martinez was using the SMC semi-tractor to tow another semi-tractor owned by an owner-operator.

20. Based upon information and belief, the owner-operator's tractor was under lease to SMC as of the time of the accident.

21. As of the time of the accident, the owner-operator was not under dispatch or otherwise acting at the direction or control of Salinas.

22. The owner-operator's semi-tractor being towed at the time of the accident played no causal role in the occurrence of the accident.

23. Defendant Martinez was not an employee of Salinas at any time relevant hereto.

24. The Salinas Policy defines "covered autos" under the Policy as including only "Specifically Described "Autos". *See* Form CAP DS 21 00 09 14, p. 3 of 18, and Form CA 00201013, p. 1 of 15, at Exhibit A.

25. The Salinas Policy defines specifically described autos as including, "[o]nly those "autos" described in Item 3 of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item 3)." *See* Form CA 00201013, p. 1 of 15, at Exhibit A.

26. The SMC semi-tractor being operated by Defendant Martinez at the time of the subject accident is not a scheduled/described auto under the Salinas Policy.

27. Pursuant to the insuring language of the Salinas Policy, in order for coverage to attach, the party seeking liability coverage must be an "insured" and the accident for which coverage is sought must arise from the "ownership, maintenance or use of a covered 'auto'. . .." *See* Form CA 00201013, p. 2 of 15, at Exhibit A.

4

28. Because the semi-tractor being operated by Defendant Martinez at the time of the subject accident was not a covered auto, Falls Lake does not owe liability coverage to any person or entity with respect to the subject accident and/or any claims arising therefrom.

29. Additionally, the Salinas Policy excludes from the Policy's definition of "insureds": (1) "[t]he owner or any employee, agent or driver of the owner, or anyone else from whom you hire or borrow a covered auto" and/or "(2) [y]our employee or agent if the covered auto is owned by that employee or agent or a member of his or her household." *See* Form CA 00201013, p. 3 of 15, at Exhibit A.

30. Therefore, neither the owner-operator nor Defendant Martinez can be insureds under the Salinas Policy with respect to the subject accident.

31. Finally, the Salinas Policy expressly excludes coverage for punitive damages, stating: "[t]his policy does not insure against or provide indemnity for fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party benefiting from the award or judgment for any actual loss or damage sustained." See Endorsement IL7004001113, at Exhibit A.

32. United Specialty has asserted that it does not owe coverage to Defendant Martinez under the SMC Policy.

33. As both Falls Lake and United Specialty have asserted that neither owes coverage to Defendant Martinez, Defendant Martinez's defense is currently being provided jointly by Falls Lake and United Specialty, subject to reservations of rights by both insurers.

34. Virginia law imposes strict placard liability upon a motor carrier whose placards and DOT number is displayed on the semi-tractor operated by a truck driver, regardless of

whether that truck driver is operating by or on behalf of the motor carrier at the time of the accident.

35. Because the semi-tractor being operated by Defendant Martinez at the time of the accident was owned by, registered to and displaying the placards and DOT number of SMC, SMC is subject to placard liability for any alleged tortious conduct by the operator of its semi-tractor.

36. Pursuant to the MCS-90 issued with the SMC Policy, United Specialty is obligated to provide indemnity benefits for any placard liability imposed upon SMC.

37. Because the indemnity under the SMC Policy satisfies the federally required minimum limits for the subject unit, the MCS-90 in the Salinas Policy is not triggered.

38. It is believed and therefore averred that settlement of the underlying bodily injury claims cannot be meaningfully addressed unless and until there is a resolution of the above outlined coverage issues.

39. This matter presents a case and actual controversy, the resolution of which will be significantly aided through a declaration by this Honorable Court.

WHEREFORE, the Plaintiff, Falls Lake Insurance Company respectfully requests that this Honorable Court declare the following:

A. Falls Lake Insurance Company has no duty to defend Defendant Martinez with respect to claims asserted or which may be asserted against him as a result of the underlying accident under Policy No. ST44000306;

B. Falls Lake Insurance Company has no duty to indemnify Defendant Martinez with respect to claims asserted or which may be asserted against him as a result of the underlying accident under Policy No. ST44000306;

6

C. Falls Lake Insurance Company has no duty to defend Salinas Express LLC with respect to claims asserted or which may be asserted against it as a result of the underlying accident under Policy No. ST44000306;

D. Falls Lake Insurance Company has no duty to indemnify Salinas Express LLC with respect to claims asserted or which may be asserted against it as a result of the underlying accident under Policy No. ST44000306;

E. Falls Lake Insurance Company has no duty to defend and/or indemnify SMC Transport LLC with respect to claims asserted or which may be asserted against it as a result of the underlying accident under Policy No. ST44000306;

F. Falls Lake Insurance Company has no duty to defend or indemnify any party for any claim for punitive damages asserted or which may be asserted as a result of the underlying accident under Policy No. ST 44000306; and

G. Such other relief as this Honorable Court deems fair, just, and equitable under the circumstances.

**FALLS LAKE NATIONAL INSURANCE COMPANY**

By Counsel

**/s/ Carson W. Johnson**
Carson W. Johnson (VSB No. 66047)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
cwjohnson@hccw.com
*Counsel for Falls Lake National Insurance Company*